**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES FIRE INSURANCE CO., | Case No. 1:15-cv-46 |
|     Plaintiff/Crossclaim Plaintiff | Dlott, J.<br>Bowman, M.J. |
|   v. | |
| WATERFRONT ASSOCIATES, INC., | |
|     Defendant/Third-Party Plaintiff, | |
|   v. | |
| C&B MARINE, LLC, | |
|     Third-Party Defendant/Crossclaim Defendant | |

* * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| HOSEA PROJECT MOVERS, LLC, et al., | Case No. 1:15-cv-799 |
|     Plaintiffs, | Barrett, J. |
|   v. | |
| WATERFRONT ASSOCIATES, INC., et al., | |
|     Defendants. | |

## OPINION AND ORDER

The first of the two cases listed in the above caption has been referred to the undersigned magistrate judge by U.S. District Judge Susan J. Dlott for all

purposes.  (*See* Order of June 8, 2017).  The second case listed in the above caption is assigned to U.S. District Judge Michael R. Barrett, with no referral.  However, for the reasons that follow, the undersigned concludes that the two cases should be consolidated into a single action, pursuant to Federal Rule of Civil Procedure 42.[1]

I. **Background**

On January 23, 2015, United States Fire Insurance Company ("U.S. Fire") initiated Civil Action No. 1:15-cv-46 against Waterfront Associates ("Waterfront").  Plaintiff's original complaint sought a judgment from this Court to declare an insurance policy issued on a barge/restaurant ("Barge") owned by Waterfront to be void *ab initio*, or in the alternative, to declare that there is no coverage for the Barge and ordering Waterfront to pay U.S. Fire $500,000.00 plus interest, costs, and attorney's fees.  (Doc. 1).

The Court first issued Scheduling Orders that required the parties to disclose fact witnesses by November 16, 2015 and expert witnesses by February 1, 2016, with a final discovery deadline of April 15, 2016.  (Docs. 20, 22).  Near the close of discovery, on March 18, 2016, Waterfront filed its third party complaint against C&B Marine, LLC ("C&B"), alleging that C&B's negligence had caused the sinking of the Barge.  (Doc. 35).  On May 6, 2016, U.S. Fire filed a cross-claim against C&B, contingent upon U.S. Fire being subrogated to Waterfront for the claimed loss of the Barge.  U.S. Fire argues that

---

[1]Because consolidation lies within the discretion of the Court and is not a dispositive ruling on any issue, the undersigned magistrate judge consolidates both cases in this Order rather than by Report and Recommendation.

if C&B is responsible for the sinking of the Barge, then C&B should be held liable to U.S. Fire for the $500,000 in Policy proceeds that U.S. Fire previously advanced to C&B on behalf of Waterfront. (Doc. 39).

C&B filed a motion to stay proceedings and to compel arbitration, which motion the undersigned recommended denying on November 8, 2016. (Doc. 48). Over objections, District Judge Susan J. Dlott adopted that R&R, denying C&B's motion to compel arbitration and to dismiss the case. (Doc. 56). An Amended Calendar Order was filed soon after. Currently, all fact discovery is scheduled to be completed by October 18, 2017, with a final discovery deadline of March 1, 2018. No trial date has yet been scheduled in Case No. 1:15-cv-46, but a settlement conference has been set for October 30, 2017. (Doc. 68).

On April 19, 2017, C&B filed a motion to consolidate Case No. 15-cv-46 with a later-filed case, Civil Action No. 15-cv-799. The second case was filed by Hosea Project Movers, LLC and Hosea Demolition Movers, Inc. (collectively "Hosea") against Waterfront Associates, Inc. and C&B Marine, LLC on December 17, 2015. In its original complaint, and as amended March 22, 2016, Hosea alleges that it entered into a July 3, 2014 letter agreement with Waterfront, in which Hosea was to remove certain personal property from the Barge belonging to Waterfront and its owner Jeff Ruby, and to transport that property to Mr. Ruby's warehouse. (Doc. 15 at ¶¶11-12). Hosea alleges that Hosea had ownership rights to other personal property on the Barge, valued at $85,000. (*Id.* at ¶35). Thereafter, Hosea "had the right and the obligation to use its best efforts to sell the Waterfront Barge and, after deducting for certain specific

3

costs and expenses, to split the net proceeds equally with Waterfront Associates." (*Id.* at ¶15). Hosea alleges that Waterfront had the obligation to maintain its insurance policy on the Barge, with insurance costs to be split equally. (*Id.* at ¶16). If Hosea was unable to sell the Barge by January 1, 2015, Hosea was to demolish it, scrap the hull, and after deducting shared expenses, split the net salvage value with Waterfront. (*Id.* at ¶17). Hosea states that it did not intervene Case No. 1:15-cv-46, because it believed its interests were "adequately protected by Waterfront." (*Id.* at ¶22).

Nevertheless, Hosea filed its separate suit seeking "a constructive trust over those [insurance] proceeds if and when this Court declares that Waterfront Associates is entitled to some or all of those proceeds." (*Id.* at ¶23). In addition to its constructive trust claim, Hosea alleges that Waterfront breached an agreement to permit Hosea access to the Barge, thereby depriving Hosea contract funds and of personal property over which Hosea had become the owner. (*Id.* at ¶¶33-35). Hosea's complaint alleges tortious interference against C&B, and additional counts for conversion and negligence against both Waterfront and C&B. (*Id.* at ¶¶41-56). Hosea seeks compensatory damages, punitive damages, and attorney's fees. (*See generally* Doc.15).

When Case No. 1:15-cv-799 was first filed in December 2015, it was assigned to U.S. District Judge Michael R. Barrett. Both Judge Barrett and the district judge to whom Case No. 1:15-cv-46 was previously assigned filed a Related Case Memo that indicated their intention to keep the cases separately assigned.[2] During a status conference held on August 15, 2016, however, the parties and Judge Barrett expressed

---

[2] Case No. 1:15-cv-46 was previously assigned to Senior District Judge Sandra S. Beckwith. After Judge Beckwith retired, the case was reassigned to Judge Dlott.

4

an interest in holding global settlement discussions to resolve both cases. (Minute Order of 8/15/16). Although a global settlement has not been achieved, several parties have now filed formal motions to consolidate the two cases. (*See* Doc. 31 in Case No. 1:15-cv-799). Based upon the procedural developments to date, the undersigned concludes that consolidation is now appropriate.

**II.    Analysis**

On April 19, 2017, Hosea and C&B filed a joint motion to consolidate Case No. 1:15-cv-799 with the earlier filed Case No. 1:15-cv-46. A nearly identical motion was filed by C&B in Case No. 1:15-cv-46. Because Case No. 1:15-cv-799 remains before Judge Barrett and has not been referred, this Order technically addresses only the motion pending in Case No. 1:15-cv-46. At the same time, because the Order grants the motion to consolidate, the Order is being filed in both cases.

Waterfront alone opposes consolidation, arguing that it will be "significantly prejudiced" by being "forced to litigate two separate and distinct breach of contract cases" because Hosea allegedly has no connection to U.S. Fire, and consolidation will "create more work" because Case No. 1:15-cv-799 is already "ripe for summary disposition" given several pending dispositive motions. (Doc. 65 at 1-2 in Case No. 1:15-cv-46).

The dispositive motions to which Waterfront refers include both motions to dismiss and a motion for summary judgment. Shortly after Case No. 1:15-cv-799 was filed, Waterfront filed a motion to dismiss based on a lack of subject matter jurisdiction. In February 2016, C&B filed a separate motion to dismiss for failure to state any claim

5

against it. (Doc. 9). Soon after, Hosea filed its Amended Complaint, mooting those early motions to dismiss. (*See* Minute Order of 8/15/16). However, on April 15, 2016, C&B filed a new motion to dismiss the first amended complaint, maintaining that the amended complaint against C&B also fails to state any claim as a matter of law. On the same date, Waterfront filed a new motion to dismiss for lack of subject matter jurisdiction. Both of those motions to dismiss remain pending before Judge Barrett.

Notwithstanding its prior motion to dismiss on jurisdictional grounds, Waterfront filed a motion for summary judgment in Case No. 1:15-cv-799 a year later, on April 19, 2017, which motion also is now fully briefed. Waterfront's motion for summary judgment relies in part upon a deposition transcript from Case No. 1:15-cv-46.

Contrary to Waterfront's arguments, the undersigned does not find the existence of dispositive motions in Case No. 1:15-cv-799 to outweigh the factors in favor of consolidation at this time. At its heart, consolidation under Rule 42(a) is discretionary, permitting consolidation when two or more cases involve a common question of law or fact. *See* Rule 42(a), Fed. R. Civ. P. For the reasons expressed by C&B, I agree that consolidation will result in both judicial economy and the avoidance of potentially discordant results. Even though Case No. 1:15-cv-46 is an insurance dispute and Case No. 1:15-cv-799 is involves an entirely separate contractual dispute, the facts in both cases are closely related. Both cases require consideration of what caused the sinking of the Barge, who (if anyone) was responsible, whether damages were incurred, and by whom. Notably, Hosea asserts a claim of constructive trust over insurance proceeds from Waterfront's policy with U.S. Fire. In addition, Waterfront's pending motion for

6

summary judgment in Case No. 1:15-cv-799 relies in part on a deposition filed in Case No. 1:15-cv-46. In short, continuing to keep the cases separate at this point makes little sense and could result in judgments that inherently contradict each other.

Waterfront's arguments in opposition to consolidation are not persuasive. The motions to dismiss have been pending for more than a year. Even if Judge Barrett were to grant any or all of the pending motions in Case No. 1:15-cv-799, then the claims in the consolidated action would merely be reduced. The parties in Case No. 1:15-cv-46 would remain as if consolidation had not occurred. On the other hand, if the pending dispositive motions are denied, the reasons to consolidate grow even stronger. Notwithstanding the impending discovery deadline in Case No. 1:15-cv-799, discovery appears likely to be extended. (*See* Doc. 28 in Case No. 1:15-cv-799, requesting a joint status conference, indicating that no formal discovery has yet occurred).

### IIII. Conclusion and Order

Having determined that the factors considered under Rule 42 strongly favor consolidation of the two cases at this time, the only issue that remains is whether to follow the customary practice of consolidating the two cases into the first-filed case (Case No. 1:15-cv-46), with all subsequent filings to be made in that case alone. In considering this issue, the undersigned reiterates that Case No. 1:15-cv-46 alone has been referred to a magistrate judge; U.S. District Judge Barrett has not referred Case No. 1:15-cv-799.

Although Magistrate Judge Litkovitz has scheduled a settlement conference in Case No. 1:15-cv-46, there are no pending motions in that case other than the motion to

consolidate. By contrast, six pending motions, including the referenced dispositive motions and a motion requesting a status conference, remain before Judge Barrett in Case No. 1:15-cv-799. Consolidation into the earlier filed case in this instance may result in a referral that Judge Barrett did not intend, and that could frustrate judicial economy to the extent that Judge Barrett has already expended judicial resources reviewing the pending motions before him. Based upon these circumstances, **IT IS ORDERED:**

1. C&B's motion to consolidate (Doc. 61 in Case No. 1:15-cv-46) is **GRANTED**;
2. The Clerk shall consolidate Case No. 1:15-cv-46 into the later filed case, Case No. 1:15-cv-799, with all further documents to be filed in Case No. 1:15-cv-799.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge