**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

HOSEA PROJECT MOVERS, LLC, et al.,　　　　Lead Case No. 1:15-cv-799

　　　　Plaintiffs,　　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

　　v.

WATERFRONT ASSOCIATES, INC., et al.,

　　　　Defendants.

**MEMORANDUM OPINION AND ORDER**

This consolidated case involves multiple disputes but the same core event: the August 5, 2014 sinking of the Waterfront Barge (hereinafter "Barge"). A primary dispute concerns the insurance coverage for that event. On September 6, 2017, United States Fire Insurance Company ("U.S. Fire") filed a motion for summary judgment, to which Waterfront Associates ("Waterfront") has yet to file a response.

Waterfront's response was initially delayed due to its asserted need for additional discovery. On October 16, 2017, the undersigned conducted a telephone conference, after which the Court entered an Order noting that the parties anticipated completing the last of three allegedly critical depositions during the week of November 13, 2017, and directing Waterfront to file its response to the pending motion for summary judgment "10 days after the last deposition." (Minute Order of 10/16/17). The record reflects that the last deposition (of Mr. Mike Hartley) was not completed until November 30, 2017, making Waterfront's response to the pending motion due on or before December 11,

2017. When Waterfront filed no timely response, U.S. Fire filed a reply memorandum, reinforcing its earlier motion for summary judgment with new citations to the deposition testimony. (Doc. 71). Considering the evidence, U.S. Fire urges this Court to grant its currently unopposed motion for summary judgment.

Following the filing of U.S. Fire's reply, Waterfront promptly moved for additional time in which to file a belated response to the long-pending motion for summary judgment. Waterfront asserts that it "has been in negotiations with third party defendant, C&B Marine to schedule the depositions of its witnesses," and "believed that [it] had until those depositions to file its response." (Doc. 72). As an additional basis for an extension, Waterfront asserts that it did not receive the transcript from Mr. Hartley's deposition until December 12, 2017, and requests an extension for that reason. Of course, it was Waterfront's decision not to expedite the transcript that occasioned the delay of its delivery.

U.S. Fire strongly opposes the grant of any additional time for Waterfront to file a belated response to U.S. Fire's dispositive motion. U.S. Fire argues that Waterfront does not and cannot demonstrate "excusable neglect" as required by Rule 6(b)(1)(B) for its failure to comply with the Court's prior order directing Waterfront to file its response by December 11. Considering the expiration of fact discovery on November 30, the express language of the prior order,and the history of the proceedings to date,[1] the

---

[1] During the telephone conference and in a related motion to compel, Waterfront was silent as to the need for <u>any</u> additional discovery beyond the three witnesses discussed in the conference and in its written motion. Waterfront's motion to compel was denied on October 18, 2017. (Doc. 66). In its motion for further extension, Waterfront does not identify the additional witnesses or what testimony that they may possess that is needed for Waterfront's response, nor does Waterfront explain its failure to identify those witnesses earlier, or why it could not have completed the depositions long before the expiration of the November 30, 2017 discovery deadline.

2

Court finds Warfront's argument that it believed that it could continue to take additional depositions prior to filing a response to be unpersuasive. Nevertheless, in the interests of justice, the Court will grant Waterfront a **brief** further extension of time in which to file its overdue response, while granting U.S. Fire a corresponding extension of time in which to file a further reply.

Despite the fact that Waterfront's failure to timely file its opposition to the motion arguably would not constitute "excusable neglect" to justify a further extension, trial courts retain broad discretion to expand filing deadlines for any reason. *See generally Alternate Travel, Inc. v. Worldspan, L.P.,* 52 Fed. Appx. 693, 698–99 (6th Cir.2002). In accordance with Sixth Circuit practice, as a general rule, this Court prefers to decide cases on the merits after hearing from both parties. *See generally, Hess Corp. v. Precision Powder Coating, Inc.*, 2009 WL 2430888, at *1–2 (N.D. Ohio,2009); *see also, Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *Leak v. Lexington Ins. Co.*, 641 F. Supp. 2d 671, 674 (S.D. Ohio 2009). There is no reason to believe that the outcome of the pending dispositive motion will be any different if Waterfront is permitted time to file a belated response on the merits. *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)(permitting late filing of summary judgment motion). Either there is, or is not (as advocated by U.S. Fire), an issue remaining for trial in this case. Additionally, any possibility of prejudice to U.S. Fire is alleviated by permitting the insurer a corresponding extension in which to file a supplemental reply memorandum.

In granting Waterfront a brief further extension, the undersigned further notes that both parties failed to comply with other deadlines specified in the same October minute entry. In addition to setting the deadline for Waterfront's response, the Court's prior order instructed the parties "to consult with each other re: new expert deadlines and submit a proposal to the Court within 7 days." The parties waited until November 27, 2017 to file their amended Rule 26(f) report – a full 35 days past the Court ordered deadline to do so. (*See* Doc. 58).

Accordingly, **IT IS ORDERED THAT:**

1. Waterfront's motion to an additional extension of time to file its response to the pending motion for summary judgment (Doc. 72) is **GRANTED**. Waterfront shall promptly file its overdue response to U.S. Fire's motion for summary judgment, not later than **December 28, 2017**.[2] Waterfront is forewarned that this deadline will not be further extended.

2. U.S. Fire may, in its discretion, file a supplemental reply memorandum in support of its motion for summary judgment, on or before **January 12, 2018**;

3. Pursuant to the parties' amended Rule 26(f) report concerning expert discovery, the parties shall identify experts and general topics to be addressed by **December 15, 2017**,[3] produce expert reports by **January 17,**

---

[2] Due to the upcoming holiday, the Court has given Waterfront more time than it otherwise was initially inclined to give.

[3] The Court recognizes that this deadline has now passed. If the parties did not comply with their previously agreed deadline for disclosure, they shall have 24 hours from the time that this Order is docketed in which to do so.

**2018**, and disclose rebuttal experts (including their reports) by **March 1, 2018**.

<pre>
                                        s/ Stephanie K. Bowman
                                        Stephanie K. Bowman
                                        United States Magistrate Judge
</pre>