**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

HOSEA PROJECT MOVERS, LLC, et al.,

    Plaintiffs,

                                                  Case No.: 1:15-cv-799
                                                  Judge Michael R. Barrett

    v.

WATERFRONT ASSOCIATES, INC., et al.,

    Defendants.

## **OPINION & ORDER**

This matter is before the Court on the September 24, 2018 Report and Recommendations ("R&R") of the Magistrate Judge (Doc. 95). Plaintiffs Hosea Demolition Movers, LLC and Hosea Project Movers, LLC. filed Objections to the R&R (Doc. 97) and Defendant Waterfront Associates, Inc. filed a response to those Objections (Doc. 98).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. In her R&R, the Magistrate Judge recommends granting

Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Doc. 91) and alternatively, granting Defendant's Motion for Summary Judgment. Plaintiffs' Objections are confined to the Magistrate Judge's alternative recommendation that this Court grant Defendant's Motion for Summary Judgment.

This Court previously adopted the Magistrate Judge's July 2017 R&R which concluded that admiralty jurisdiction existed over Plaintiff's negligence claim; and even though admiralty jurisdiction did not exist over Plaintiff's breach of contract claim, this Court should exercise supplemental jurisdiction over that claim. (Doc. 45). The Court also adopted the finding that this Court should grant summary judgment to Defendants on the negligence claim. This left only a single, state-law breach of contract claim pending before the Court. However, in her September 24, 2018 R&R, the Magistrate Judge has concluded "that admiralty jurisdiction *never* existed, repudiating any basis for supplemental jurisdiction." (Doc. 43 at PageID 1579). Plaintiff does not object to this conclusion.

Since "there [was never] a valid claim within the court's original jurisdiction to which the state claims may be supplemental. … the district court has no discretion to exceed the scope of its Article III power, and must dismiss the state law claims without prejudice." *Kefalos v. Axelrod*, No. C2-03-180, 2005 WL 2493375, at *4 (S.D. Ohio Oct. 7, 2005) (quoting Moore's Federal Practice, ¶ 106.66[1], p. 106-88 (3d Ed. 2005)); *see also Fabrizi Trucking & Paving Co. v. Portage Cty.*, No. 5:12CV1275, 2012 WL 6732734, at *4 (N.D. Ohio Dec. 28, 2012) (explaining that when a court "determines that subject matter jurisdiction over the plaintiff's federal claims does not exist the court must dismiss the plaintiff's state law claims").

Accordingly, it is **ORDERED** that the September 24, 2018 Report and Recommendation (Doc. 95) of the Magistrate Judge is hereby **ADOPTED.** Consistent with the recommendation by the Magistrate Judge, Defendants' Motion to Dismiss (Doc. 91) is **GRANTED** on the basis that the Court lacks subject matter jurisdiction. This case is **DISMISSED** without prejudice; and **CLOSED** on the active docket of this Court.

**IT IS SO ORDERED.**

                                                                  */s/ Michael R. Barrett*
                                                        JUDGE MICHAEL R. BARRETT